UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**CIVIL ACTION NO.: 4:08CV-116-M**

**RUTH R. SALMON, DR. LUCY S. CRAIN,
MARY S. TEMPLETON, SUE ANNE SALMON,
DR. JAMES L. SALMON, JR., and
DR. THADDEUS R. SALMON**                                                                 **PLAINTIFFS**

**v.**

**OLD NATIONAL BANK, d/b/a/ OLD NATIONAL TRUST,
JAMES BRANEN SALMON, ERIC JOSEPH SALMON,
ELIZABETH SALMON, SARA LOUISE CRAIN,
WILLIAM R. CRAIN, JR., H.C., a minor,
AINSLEY ELIZABETH SALMON, and
THADDEUS ROBERT SALMON, III**                                                       **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon a motion by the Plaintiffs to remand this action to state court [DN 9], upon a motion by the Defendant, Old National Bank ("ONB"), to realign the parties [DN 13], upon a motion by ONB for oral argument [DN 17], and upon a motion by ONB to strike Exhibit F to Plaintiffs' motion to remand [DN16]. Fully briefed, these matters are ripe for decision.

### I. BACKGROUND

The Plaintiffs, as adult beneficiaries of an inter vivos revocable trust (the "Trust"), filed this action in Hopkins Circuit Court alleging that ONB, as trustee of the Trust, breached certain fiduciary duties owed to them. The Plaintiffs also allege that changed circumstances have caused the Trust to be administered in a manner that was not envisioned by its settlor, James L. Salmon (the "Settlor"). Based on these allegations, the Plaintiffs seek, in part, the removal of ONB as trustee, a declaratory judgment finding that ONB breached its fiduciary duties, a surcharge, and an accounting. ONB removed the action to this Court on grounds of diversity of citizenship. After this

action was removed, the Plaintiffs amended their Complaint as a matter of right and named the Settlor's grandchildren and great-grandchildren as defendants.

## II. DISCUSSION

The Plaintiffs argue that the joinder of the Settlor's grandchildren and great-grandchildren destroys diversity of citizenship. As a result, the Plaintiffs argue that this matter should be remanded based on a lack of subject matter jurisdiction. Alternatively, the Plaintiffs argue that federal jurisdiction is improper because the probate exception is applicable or that the Court should otherwise exercise its discretion to abstain from this matter.

### A. Diversity of Citizenship

As a general matter, a civil case brought in a state court may be removed by a defendant to federal court if it could have been brought in federal court originally. 28 U.S.C. § 1441(a). A federal district court has original "diversity" jurisdiction where "the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and the suit is between "citizens of different states." 28 U.S.C. § 1332(a). "It is axiomatic that there must be complete diversity between the parties of an action to support diversity jurisdiction." United States Fid. & Guar. Co. v. Thomas Solvent Co., 955 F.2d 1085, 1089 (6th Cir. 1992) (citing Smith v. Sperling, 354 U.S. 91 (1957)). Complete diversity exists when "all of [the parties] on one side of the controversy are citizens of different states from all parties on the other side." City of Indianapolis v. Chase Nat'l Bank, 314 U.S. 63, 69 (1941) (citation omitted). Although complete diversity might exist at the time of removal, the Court will be deprived of subject matter jurisdiction if a non-diverse party is later joined in the action. See Estate of Alvarez v. Donaldson Co., 213 F.3d 993 (7th Cir. 2000); see also Curry v. U.S. Bulk Transp., Inc., 462 F.3d 536, 539-540 (6th Cir. 2006). A defendant removing a

case has the burden of proving these diversity jurisdiction requirements are met. Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921).

### *1. Citizenship of the Parties and Amount in Controversy*

In their motion to remand, the Plaintiffs first argue that there is a lack of complete diversity of citizenship amongst the parties. There seems to be no dispute that when this action was removed, complete diversity existed. ONB, who originally was the only named defendant, is incorporated and has its principal place of business in Indiana.[1] Each of the plaintiffs are citizens of states other than Indiana.[2] Specifically, Ruth Salmon, Sue Anne Salmon, Dr. James L. Salmon, Jr., and Dr. Thaddeus R. Salmon are each citizens of Kentucky. Dr. Lucy S. Crain is a citizen of California and Mary S. Templeton is a citizen of Washington, D.C. The amount in controversy requirement was also satisfied at the time of removal because the Plaintiffs sought a surcharge against ONB in excess of $75,000. In determining the amount in controversy, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." Kovacs v. Chesley, 406 F.3d 393, 395 (6th Cir. 2005) (quotation omitted). Here, the Plaintiffs alleged, in part, that ONB breached the prudent investor rule and as a result the trust lost interest and principal in excess of $2 million. The Plaintiffs requested that ONB be surcharged for this loss.[3] The Plaintiffs do not dispute that the amount in controversy requirement was satisfied and it does not appear "to a legal certainty that the [Plaintiffs]

---

[1] For purposes of diversity jurisdiction, a corporation is deemed "to have the citizenship of its state of incorporation and its principal place of business." Safeco Ins. Co. of Am. v. City of White House, 36 F.3d 540, 544 (6th Cir. 1994).

[2] The "citizenship of a natural person [is] his domicile . . . ." Id. (citation omitted).

[3] A surcharge is an "imposition of personal liability on a fiduciary for wilful or negligent misconduct in the administration of his fiduciary duties." F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc., 244 F.3d 1128, 1142 (9th Cir. 2001) (quotation omitted).

in good faith cannot claim the jurisdictional amount." McCraw v. Lyons, 863 F. Supp. 430, 432 (W.D. Ky. 1994) (citation omitted).

Upon removal, the Plaintiffs amended their complaint as a matter of right pursuant to Fed. R. Civ. P. 15(a)(1). In their first amended complaint, the Plaintiffs joined the Settlor's grandchildren and great-grandchildren as party defendants. Eric Joseph Salmon, Elizabeth Salmon, Ainsley Salmon, and Thaddeus Robert Salmon, III are all citizens of Kentucky. James Lewis Branen Salmon is a citizen of Washington, Sara Lois Crain is a citizen of California, and William R. Crain, Jr. and H.C. are citizens of Minnesota.[4] Because there are both plaintiffs and defendants who are citizens of Kentucky and California, the Plaintiffs argue that there is no longer complete diversity of citizenship.

## 2. *Realignment of Parties*

Although ONB acknowledges that the recently added Defendants would normally destroy complete diversity, it argues that the interests of the Settlor's grandchildren and great-grandchildren are aligned with those of the Plaintiffs. ONB also argues that when the parties are appropriately aligned, complete diversity is not destroyed. In response, the Plaintiffs argue that each class of beneficiaries under the Trust have different interests. Specifically, the Settlor's spouse and each of the Settlor's children have a special power of appointment that permit them to decide the share of the Trust that each of the grandchildren or great-grandchildren will ultimately receive. Furthermore, the Plaintiffs argue that the more the trustee exercises its discretion in favor of them diminishes the funds that will eventually be provided to the newly named Defendants. The Plaintiffs believe that

---

[4] Pursuant to Local Rule 5.7 and Joint General Order WD No. 04-01, H.C., a minor child, will be referred to by his initials.

4

this makes their interests adverse to those of the newly named Defendants. The Plaintiffs also argue that because the newly named Defendants would not voluntarily join their petition as plaintiffs, they should not be realigned as such.

In determining whether diversity of citizenship exists, it is the duty "of the lower federal courts, to look beyond the pleadings, and arrange the parties according to their sides in the dispute" Chase, 314 U.S. at 69 (quotation omitted). This "must be ascertained from the principal purpose of the suit, and the primary and controlling matter in dispute." Id. at 69-70 (internal citations and quotations omitted). Therefore, "'[i]f the interests of a party named as a defendant coincide with those of the plaintiff in relation to the purpose of the lawsuit, the named defendant must be realigned as a plaintiff for jurisdictional purposes.'" Thomas Solvent, 955 F.2d at 1089 (quotation omitted). The parties must "be aligned in accordance with the *primary dispute* in the controversy, even where a different, legitimate dispute between the parties supports the original alignment." Id. (citations omitted) (emphasis added).

Here, as acknowledged by the Plaintiffs, the primary dispute between the parties is the Plaintiffs' claim against ONB for breach of its fiduciary duties and for removal of ONB as trustee. (See Pls.' Reply [DN 14] at 2 ("The primary focus of this dispute is to first remove 'ONB' as allowed by Kentucky law.")). In fact, the Plaintiffs have made no allegations against any defendant other than ONB and also seeks no relief from any such party. Furthermore, the Plaintiffs' amended complaint is almost identical to the complaint they filed in Hopkins Circuit Court; the only changes are found in the caption where the additional Defendants are named and in one paragraph of the document where those Defendants are described. (See Pls.' Am. Compl. at ¶ 8). Although there may theoretically be some disagreement with how the trustee has disbursed funds from the Trust or

with how the Settlor's spouse and children may exercise their special power of appointments making their interests antagonistic to those of the Defendants other than ONB, those matters are not part of the Plaintiffs' claims. The Plaintiffs' seek to restore funds to the Trust and not to deplete them. Because adding these funds to the Trust could only benefit the newly named Defendants, their interests regarding the primary dispute of this lawsuit are identical to those of the Plaintiffs. Therefore the Defendants other than ONB are properly aligned as plaintiffs. This is true even if the newly named Defendants did not voluntarily join as plaintiffs in the lawsuit. See Grant County Deposit Bank v. McCampbell, 194 F.2d 469, 471 (6th Cir. 1952) (holding that realignment is appropriate "where one whose interest lies with the plaintiff is made a party defendant because of its refusal to sue.") (citation omitted). Because diversity of citizenship exists when the parties are appropriately aligned, the Court is not deprived of subject matter jurisdiction on those grounds.[5]

### B. Probate Exception

The Plaintiffs also argue that the "probate exception" deprives the Court of jurisdiction to hear this matter. Specifically, the Plaintiffs assert that this matter is founded in probate because the Trust is a "will substitute." ONB responds by arguing that the Plaintiffs are not seeking to probate or to challenge the validity of a will. Furthermore, the Plaintiffs seek *in personam* relief for their breach of fiduciary duty claim. Therefore, ONB asserts that none of the Plaintiffs claims are subject to the probate exception.

The probate exception is a "judicially created doctrine[] stemming in large measure from misty understandings of English legal history." Marshall v. Marshall, 547 U.S. 293, 299 (2006)

---

[5] Because the Court finds that realignment is appropriate, it need not consider whether it should deny joinder of the newly named Defendants. See 28 U.S.C. § 1447(e).

6

(citation omitted). It is "a practical doctrine designed to promote legal certainty and judicial economy by providing a single forum of litigation, and to tap the expertise of probate judges by conferring exclusive jurisdiction on the probate court." Lepard v. NBD Bank, 384 F.3d 232, 237 (6th Cir. 2004) (quotation omitted). Specifically, "[a] federal court has no jurisdiction to probate a will or administer an estate . . . ." Markham v. Allen, 326 U.S. 490, 494 (1946). This means that "the equity jurisdiction of the courts does not extend to claims requiring (1) interference with probate proceedings, (2) assumption of general jurisdiction over probate, or (3) assumption of control over property in the custody of a state court." Evans v. Pearson Enters., Inc., 434 F.3d 839, 847 (6th Cir. 2006). However, the probate exception is "of distinctly limited scope" and its narrow scope has recently been reaffirmed by the Supreme Court in Marshall. Marshall, 547 U.S. at 310. In Marshall, the Supreme Court held that "the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." Id. at 311-312.

    Here, the claims asserted by the Plaintiffs do not involve the probate or annulment of a will or the administration of a decedent's estate. There is no other matter pending regarding the disposition of the Trust or the Trust property. There is also no ongoing probate proceeding regarding the Settlor's estate. Therefore, the Court would not be disposing of property in the custody of a state probate court nor would it be interfering with probate proceedings. The probate exception simply does not apply to the claims brought by the Plaintiffs. See Evans, 434 F.3d 839, 848 (6th Cir. 2006) ("Trusts as a general matter have historically been subject to federal jurisdiction,

7

and many, if not most, courts have held that the probate exception does not apply to actions involving trusts.") (quotation omitted). The Plaintiffs argue that the Trust at issue here acts as a "will substitute" and therefore the probate exception applies. The distinction between whether the Trust is or is not a will substitute is irrelevant because "the standard for determining whether federal jurisdiction may be exercised is whether under state law the dispute would be cognizable *only* by the probate court . . . ." Id. (emphasis added). In Lepard and Evans, where the Sixth Circuit discussed the probate exception in the context of trusts that act as will substitutes, the applicable Michigan state law placed the administration of trusts exclusively within the jurisdiction of that state's probate courts. See id. ("Michigan law places issues regarding all trusts (not simply testamentary trusts) within the exclusive jurisdiction of the probate court . . . ."); see also Lepard, 384 F.3d at 237 ("Claims regarding the administration of a trust fall squarely within the exclusive jurisdiction of the Michigan probate courts."). In Kentucky, however, the administration of trusts, including the removal and appointment of a trustee, fall within the jurisdiction of the courts of equity and not the probate courts. See McFerran v. Fid. Trust Co., 140 Ky. 536, 131 S.W. 393, 395 (1910) ("A court of equity will interfere at the instance of the parties in interest for the benefit of the trust estate, and prevent the trustee from doing that which is calculated to defeat the purposes of the trust.") (citations omitted); Gathright's Tr. v. Gaut, 276 Ky. 562, 124 S.W.2d 782, 784 (1939) ("It is well settled that equity will never permit a trust to fail for want of a trustee, but will appoint a trustee or execute the trust by its officers.") (citations omitted); Wilson v. Smoot, 186 Ky. 194, 216 S.W. 129, 132 (1919) (setting for the standard under which a court of equity will remove a trustee); L. Rush Hunt & Lara Rae Hunt, Baldwin's Kentucky Wills & Trusts, § 3:2 (2008) ("The *inter vivos* trust is merely a contract entered into between the settlor and the trustee. Thus, it is not a

testamentary instrument which is subject to probate proceedings, filing in the public recordings, and court supervision.") (citation omitted).

Because this matter does not involve the probate or annulment of a will, the administration of a decedent's estate, or the disposition of property that is in the custody of Kentucky's probate courts, the probate exception does not apply.

### C. Abstention

The Plaintiffs argue that the Court should abstain from exercising jurisdiction even if it otherwise has jurisdiction to hear the matter. In support of their argument, the Plaintiffs assert that abstention is proper where the parties seek the removal of a trustee.

"The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 813 (1976) (quotation omitted). Abstention will only be ordered in "exceptional circumstances" and only "where the order to the parties to repair to the state court would clearly serve an important countervailing interest." Id. (citations omitted). Furthermore, "[a] necessary requirement for application of this Colorado River doctrine . . . is the presence of a *parallel*, state proceeding." Crawley v. Hamilton County Comm'rs, 744 F.2d 28, 31 (6th Cir. 1984) (emphasis in original). See also Romine v. Compuserve Corp., 160 F.3d 337, 339 (6th Cir. 1998) ("Before the Colorado River doctrine can be applied, the district court must first determine that the concurrent state and federal actions are actually parallel.") (citation omitted). If the Court determines the two concurrent actions in state and federal court are parallel, it must then weigh various factors that "rest on considerations of wise judicial administration, [and give] regard to

conservation of judicial resources and comprehensive disposition of litigation." Romine, 160 F.3d at 339 (quotations omitted).

Here, there are no concurrent state court proceedings and therefore the abstention doctrine under Colorado River does not apply. The cases cited by the Plaintiffs are not to the contrary. In Reichman v. Pittsburgh Nat'l Bank, 465 F.2d 16 (3d Cir. 1972), the Third Circuit held that abstention was appropriate when there was a "substantial identity of the issues" raised in an ongoing state court proceeding with those before the district court. Reichman, 465 F.2d at 18. Likewise, in In re Auerbacher, 616 F. Supp. 532 (E.D. Pa. 1985), there were two concurrent proceedings taking place in state and federal court invoking the doctrine of abstention. Because there are no ongoing state court proceedings here, the Plaintiffs' argument regarding abstention is without merit.

### D. Motion to Strike

ONB argues that a letter sent by its counsel to the Plaintiffs should be stricken from the record because it is hearsay. In the letter, ONB's attorney stated that he believed there is no provision in the Trust agreement providing for the removal of ONB as trustee and that the only manner in which ONB could be removed is by going before the probate court. As discussed above, however, the removal of a trustee in Kentucky is a matter of equity and not a matter of probate. Regardless, the letter should not be stricken from the pleading because it is not "an insufficient defense" and because it is not "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The letter is directly related to the Plaintiffs' allegation that they have requested ONB to resign as trustee and that ONB has refused to do so. (See Pls.' Am. Compl. at ¶ 35). The appropriate time to raise an evidentiary concern regarding the letter is when and if the Plaintiffs should seek to introduce the letter into evidence. To the extent ONB did not want the Court to

consider the letter in ruling upon the Plaintiffs' motion to remand, the matter is moot.

### E.  Preliminary Injunction

Prior to the removal of this action from the Hopkins Circuit Court, the Plaintiffs sought a temporary injunction [DN 1, Exh. 1].  A hearing was scheduled in state court on the day after this matter was removed.  In their response [DN 25] to ONB's motion for oral argument [DN 17], the Plaintiffs requested a hearing on that motion.  The Plaintiffs' motion for a temporary injunction will be treated as a motion for a preliminary injunction.  A hearing will be held on the motion on Tuesday, November 18, 2008, at 10:00 AM CST, U.S. Courthouse, in Owensboro, KY.

### III.  CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that the motion by the Plaintiffs to remand [DN 9] is **DENIED**.

**IT IS FURTHER ORDERED** that the motion by the Defendant, Old National Bank, to realign the parties [DN 13] is **GRANTED**.  The Defendants, James Branen Salmon, Eric Joseph Salmon, Elizabeth Salmon, Sara Louise Crain, William R. Crain, Jr., H.C., Ainsley Elizabeth Salmon, and Thaddeus Robert Salmon, III shall be realigned as party plaintiffs.

**FURTHER** that the motion by ONB for oral argument [DN 17] is **DENIED** and the motion by ONB to strike Exhibit F to Plaintiffs' motion to remand [DN 16] is **DENIED**.

cc:      Counsel of Record