UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**CIVIL ACTION NO. 4:08-CV-00116-JHM**

**RUTH R. SALMON, et al.**                                                                    **PLAINTIFFS**

**V.**

**OLD NATIONAL BANK d/b/a OLD NATIONAL TRUST**                **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's motion to reconsider the Court's September 19, 2012 Memorandum Opinion and Order [DN 295]. Fully briefed, this matter is ripe for decision.

On September 19, 2012, the Court issued a Memorandum Opinion and Order denying all pending summary judgment motions. Defendant has now filed a motion to reconsider the Court's decision that it is not entitled to summary judgment based on the statute of limitations and the Trusts' exculpatory language. Motions to reconsider may be brought under Fed. R. of Civ. P. 54(b), and courts will generally entertain such motions, where there is: "(1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." Rodriguez v. Tenn. Laborers Health & Welfare Fund, 89 Fed. App'x 949, 959 (6th Cir. 2004).

Defendant asserts that the Court's September 19, 2012 Memorandum Opinion and Order contains no formal ruling on Defendant's motion for summary judgment on its statute of limitations defense. It further asserts that to "avoid manifest injustice," its motion should be granted. Defendant cites the Court's statement that "Plaintiffs have presented no evidence regarding their due diligence to discover whether their claim was viable" and claim that Plaintiffs therefore could not have raised a genuine issue of material fact regarding due diligence. (See Def. Old Nat'l Trust's Mot. to Recons. the Court's Sept. 19, 2012, Mem. Op. & Order [DN 295] 3–4.)

If the Court was previously unclear regarding its findings, it now clarifies that there remain disputed issues of fact, for both parties, with respect to the tolling doctrines asserted by Plaintiffs. Specifically, it clarifies that there remains a genuine issue of material fact regarding Plaintiffs' due diligence. Construing the facts in the light most favorable to Plaintiffs, a reasonable jury could conclude that Plaintiffs acted diligently because they were not involved in, or aware of, the meetings between Matt Volkman and Ruth Salmon. Thus, summary judgment is improper. In this regard, the Court notes that "due diligence is often an issue of fact inappropriate for summary disposition." Beard v. Dominion Homes Fin. Servs., Inc., 2007 WL 2137944, at *4 (S.D. Ohio 2007) (citing Dzenits v. Merrill Lynch, Pierece, Fenner & Smith, Inc., 494 F.2d 168, 172 (10th Cir. 1972)).

Defendant also asserts that the Court should reconsider its ruling regarding the Trusts' language in light of Defendant's argument that it only applies to diversification. In support of its motion, Defendant asserts that the Court's interpretation results in a "manifest injustice" to Defendant and points to new case law from Indiana. Defendant, however, has failed to identify any controlling authority where Kentucky courts have departed from the Cumberland Valley Contractors, Inc. v. Bell County Coal Corp., 238 S.W.3d 644, 650 (Ky. 2007), decision, which sets forth the legal standard for an exculpatory clause contained in a trust agreement. Moreover, while Defendant may disagree with the Court's decision, that is an issue for appeal, not reconsideration.

For the above reasons, **IT IS HEREBY ORDERED** that Defendant's motion is **DENIED**.

Joseph H. McKinley, Jr., Chief Judge
United States District Court

November 1, 2012

cc: counsel of record

2